**IN THE COURT OF APPEALS OF IOWA**

No. 17-0443
Filed May 17, 2017

**IN THE INTEREST OF J.R. and E.W.,**
**Minor Children,**

**K.P., Mother,**
          Appellant.

_____


          Appeal from the Iowa District Court for Benton County, Susan F. Flaherty,

Associate Juvenile Judge.


          A mother appeals from the order terminating her parental rights.

**AFFIRMED.**


          Patricia J. Meier of Nidey Erdahl Tindal & Fisher, P.L.C., Cedar Rapids,

for appellant mother.

          Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney

General, for appellee State.

          Robert W. Davison, Cedar Rapids, for minor children.

          Robert B. Fischer of Robert B. Fischer Law Firm, Vinton, for father of J.R.


          Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, Chief Judge.**

A mother appeals the termination of her parental rights,[1] arguing termination is not in the children's best interests due to the closeness of the parent-child bond and the fact that the children are in a relative placement.

We review termination proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

"Termination of parental rights under chapter 232[2] follows a three-step analysis." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). First, we determine if a ground for termination under section 232.116(1) has been established. *Id.* at 706-07. We then apply the statutory best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights. *Id.* at 707. Finally, we consider if any statutory exceptions set out in section 232.116(3) should serve to preclude termination of parental rights. *Id.*

The mother does not contest that grounds for termination exist,[3] so we need not discuss this step. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The statute informs us that in determining whether termination is in the children's best interests, we are to "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). Determining the best interests of the

---

[1] J.R.'s father's parental rights are not at issue. E.W.'s father is unknown.
[2] All statutory references are to the 2016 Iowa Code.
[3] The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) (as to J.R.), (1)(h) (as to E.W.), and (1)(*l*) (as to both).

children "requires considering what the future holds for the child[ren] if returned to the parents." *In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997). "When making this decision, we look to the parent['s] past performance because it may indicate the quality of care the parent is capable of providing in the future." *Id.*

Here, the mother continues to struggle with a long history of unresolved mental-health and substance-abuse issues, which struggle places the children at risk of inadequate supervision. The mother contends: "Given the closeness of the relationship between [the mother] and the children, and the fact that [the mother] has only just begun to seriously address her mental health, it would be in the children's best interests to afford [the mother] several more months to make progress." We disagree.

The children have been waiting longer than the statutory time frame, and the mother has only "just begun" to address her issues. "[O]ur legislature has carefully constructed a time frame to provide a balance between the parent's efforts and the child[ren]'s long-term best interests." *D.W.*, 791 N.W.2d at 707. Waiting for fourteen months to make an effort is too late. We adopt the juvenile court's findings:

> [The mother] has been given sufficient time to demonstrate that she can maintain sobriety and achieve stable mental health. Over the course of the past fourteen months, she has not yet followed through with the most basic action steps of consistently participating in substance abuse treatment and mental health counseling. The children would continue to be at imminent risk of harm if returned to the care of their mother due to [the mother]'s inability to establish a sufficient period of sobriety or stable mental health. [The mother] acknowledged in her testimony that, if using methamphetamine, she is not a safe caretaker for her children. In addition to becoming "edgy," her memory is affected by methamphetamine use. [The mother] testified that she plans to begin mental health counseling, but has not yet scheduled an

appointment with her chosen counselor. She currently has medication prescribed when she was at Horizons for inpatient treatment in early January, but she has not scheduled an appointment yet to obtain a refill, testifying that the doctor told her she didn't need to until she was almost out of medication. Clearly, based on the lack of progress by [the mother], if the children were returned to her custody they would be subjected to the same adjudicatory harms that led to their removal from their mother's custody.

[The mother] acknowledged that she is not yet in a position to safely resume care of her children. She knows that she needs more time to achieve sustained sobriety and also to address her co-occuring mental health treatment needs and resolution of past trauma. She acknowledges that her current home is not safe for the children. She has no employment and no source of income, relying on her mother for financial support. [The mother] has asked for additional time to continue to work on these issues. However, after reviewing the record and [the mother]'s lack of any real, sustained progress over the course of the past fourteen months, the court is unable to find a reasonable basis to believe that additional time would allow [the mother] to safely resume care of the children anytime in the reasonably near future.

Considering the physical, mental, and emotional needs of these children, asking them to continue waiting is *not* in the children's best interests.

We also disagree with the mother's claims that placement of the children with a relative and the close bond between mother and children make termination unnecessary. Section 232.116(3) states: "The court need not terminate the relationship between parent and child[ren]" if the court finds "[a] relative has legal custody of the child[ren]" or if "[t]here is clear and convincing evidence that termination would be detrimental to the child[ren] at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(a), (c). "'The factors weighing against termination in section 232.116(3) are permissive, not mandatory,' and the court may use its discretion, 'based on the unique circumstances of each case and the best interests of the child[ren], whether to

apply the factors in this section to save the parent-child relationship.'" *A.M.*, 843 N.W.2d at 113 (quoting *In re D.S.*, 806 N.W.2d 458, 474-75 (Iowa Ct. App. 2011)).

Here, the legal custody of the children was with the department of human services. Because legal custody is with the department, section 232.116(3)(a) does not apply. *See id.* And while the juvenile court noted the bond between mother and J.R. may be strong, it also noted the bond "may not be a healthy bond." We agree there is a strong bond but the bond is with a mother who has failed to begin mental-health counseling, has not been able to complete substance-abuse treatment, and has shown little progress in fourteen months. We do not find the parent-child bond here precludes termination of the mother's parental rights. We therefore affirm.

**AFFIRMED.**